IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

UNITED STATES OF AMERICA

v.  Criminal No.: 3:22:00214-001

BRENNON MICHAEL ADKINS

## SENTENCING MEMORANDUM
## OF DEFENDANT BRENNON MICHAEL ADKINS

Comes Now the Defendant, Brennon Michael Adkins, by and through his counsel, Michelle Roman Fox and hereby files his Sentencing Memorandum for consideration by the Court in imposing its sentence on the Defendant.

**OFFENSE CONDUCT**:

On May 1, 2023, Brennon Michael Adkins plead guilty to knowingly possessing a stolen firearm in violation of 18 U.S.C. § 9229(j) and 924(a)(2). Brennon Adkins admitted he possessed a 12-gauge shotgun while knowing it to be stolen.

**BACKGROUND OF DEFENDANT**

Mr. Adkins grew up primarily in Huntington, West Virginia. He was deprived of a normal childhood as his mom was addicted to drugs and he was forced to witness her overdose in his presence at least four times. Further complicating his childhood was the fact that his stepdad, also an addict, was physically abusive to him. The emotional and physical abuse and neglect eventually caused him and his sister to be removed from his mom's house and placed in foster care. He aged out of foster care and was lost, without any family structure or stability. He was exposed to drugs at an early age, which eventually led to his own substance abuse which

caused him to make poor decisions. Indeed, on the night of the incident in this case, he had ingested Xanax, Percocets and alcohol and made the very bad decision to participate in breaking into the pawn shop with another individual, TJ Cremeans. Brennon continued to struggle with his drug use even after his arrest and finally on May 29, 2023, realized he had a significant problem that was controlling his life, and he then made a conscious decision to fight his addiction and take definite steps to accomplish his goal of sobriety. He, thus, voluntarily entered Recovery Point, an inpatient drug treatment center. Brennon Adkins has remained in the program since May 29, 2023, and has taken positive steps to overcome his addiction by successfully participating in this program. He hopes to complete the program which may take up to 12 months.

**CALCULATION OF SENTENCING GUIDELINES**:

The Probation Officer correctly concluded that Brennon Adkins has a total offense level of 10 with zero criminal history points under the United States Sentencing Guidelines for a suggested guideline imprisonment range of 6-12 months. In addition, Brennon Adkins suggested range falls within Zone B allowing the Court to impose a sentence of probation. Based upon the fact that Brennon Adkins has zero criminal history points and is actively and successfully participating in in-patient drug treatment at Recovery Point, the Defendant requests this Court impose a term of probation with a condition that Mr. Adkins complete the program at Recovery Point.

**Motion for Downward Variance Based on the Court's Discretion**

   I.   **The Defendant requests a downward departure based upon his traumatic childhood which included emotional and physical abuse and neglect caused by being raised by a mother who suffered from addiction and his decision to voluntarily enter into the substance addiction program at Recovery Point.**

The sentencing ranges set forth in the United States Sentencing Guidelines are no longer mandatory.  Instead, the Court while considering the range of imprisonment noted by the Guidelines, is free to impose a sentence outside these suggested ranges.

18 U.S.C. § 3553 instructs that the Court shall impose a sentence sufficient, but not greater than necessary to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as to afford  adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner."  In addition, in determining a fair and just sentence, the Court should consider the nature and circumstances of the offense and the history and characteristics of the Defendant.

In this case, the Court should consider the "history and characteristics" of the Defendant in imposing a sentence below the applicable guideline range.  Brennon Adkins endured a horrible childhood.  Instead of experiencing a happy and stable home, with loving parents, Brennon Adkins was exposed to an unthinkable situation where he had to witness his mother overdose not just once, but four times.  If this trauma was not enough, he also dealt with a stepfather who himself was an addict, but also physically abusive towards him.  His home became so toxic and permeated with drugs that he and his sister were removed from the home and placed in foster case.  Not surprisingly, Brennon Adkins also turned to drugs and alcohol at a young age, mimicking the actions of his parents, and as a coping mechanism of a painful and traumatizing home situation.  His drug addiction directly caused him to make the bad decisions that lead to his arrest and conviction in this case.  Significantly, however, Brennon Adkins has acknowledged he has a substance abuse illness and has voluntarily taken concrete steps to try to

overcome his problems and make a positive change in his life. He is working diligently to succeed in this the program at Recovery Point and the interests of justice would be best served by the Court allowing him to continue this program and complete the same. Continued participation in this recovery program is important to Mr. Adkins and would be more beneficial than incarceration at this point. Consequently, Brennon Adkins requests this Court depart downward to a level 8 or lower, and a level consistent with 0-6 months as the suggested range of imprisonment. Mr. Adkins asks this Court to impose a sentence of no imprisonment with a condition of supervised release to include a requirement to complete the Recovery Point program.

Furthermore, the recent amendment to the United States Sentencing Guidelines, §4C1.1 provides a 2-level reduction for "zero" point offenders. The Defendant acknowledges he is not technically eligible for this reduction because he possessed a gun, however, the rationale for the amendment mandating a 2-level reduction for zero-point offenders applies in this case, as the risk for recidivism is low. Brennon Adkins has zero criminal history points and his offense in this case was a consequence of his drug use and poor decisions. He has now taken steps to control and overcome his drug problems, thus his risk of recidivism is low. Consistent with the rationale behind §4C1.1, the Defendant requests this Court vary downward by two levels and impose a sentence of no incarceration but instead a term of probation or supervised release with a condition that he complete the substance abuse program at Recovery Point.

For the reasons set forth herein, Brennan Adkins requests the Court vary downward and impose a sentence of no incarceration. This proposed sentence is fair and just and with a condition that Brennon Adkins complete the substance abuse program at Recovery Point, justice will be served.

Respectfully Submitted:

BRENNON MICHAEL ADKINS,
     By Counsel

/s/ Michelle Roman Fox

Michelle Roman Fox, Esq.
W.Va. Bar No. 5753
3359 Teays Valley Road
Hurricane, West Virginia 25526
(304) 552-2579 (telephone)
(304) 562-9201 (fax)
mrfoxlaw@suddenlink.net
michellefox@smithlawpllc.net

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.  Criminal No. 3:22-cr-000214

BRENNON MICHAEL ADKINS

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing *Brennon Michael Adkins's Sentencing Memorandum* has been electronically filed and service has been made by virtue of such electronic filing this 6th day November 2023 to:

>Troy D. Adams
>Assistant United States Attorney
>Sidney L. Christie Federal Building and
>United States Courthouse
>845 Fifth Avenue, Room 209
>Huntington, West Virginia 25701

>/s/ Michelle Roman Fox

>Michelle Roman Fox, Esq.
>W.Va. Bar No. 5753
>3359 Teays Valley Road
>Hurricane, West Virginia 25526
>(304) 552-2579 (telephone)
>(304) 562-9201 (fax)
>mrfoxlaw@suddenlink.net